IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANET GONZALES | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | C. A. No. ____ |
| v. | § | |
| | § | |
| TEXAS CHILDREN'S HOSPITAL | § | |
| | § | |
| | § | (Jury Demanded) |
| Defendant. | § | |

## ORIGINAL COMPLAINT
_____

TO THE HONORABLE JUDGE:

COMES NOW Plaintiff, Janet Gonzales, filing this, her Original Complaint, complaining of Defendant, Texas Children's Hospital, and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2. Plaintiff, Janet Gonzales, (hereinafter "Plaintiff"), is an individual who resides in South Houston, Harris County, Texas. Plaintiff is a member of a group protected by Title VII and was, at all relevant times, an employee within the meaning of the applicable statute.

3. Texas Children's Hospital (hereinafter "Defendant") is a domestic nonprofit corporation whose principal place of business is located in the Southern District and it regularly

conducts business in Texas. Defendant was, at all relevant times, an employer within the meaning of Title VII. Defendant may be served through its registered agent, Mark A. Wallace, 6621 Fannin, Houston, Texas 77030.

4. The causes of action complained of herein wholly arose in the Southern District of Texas, Houston Division.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about October 02, 2012. In said Charge, No. 460-2012-00053, Plaintiff asserts that she was discriminated against because of her race (Caucasian), and that she was wrongfully terminated in retaliation for making complaints about sexual harassment and other disparate treatment she received, in violation of Title VII of the Civil Rights Act of 1964, as amended.

6. The EEOC issued a Right to Sue Notice authorizing this lawsuit on June 11, 2013.

7. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

8. At all times material to this cause of action and prior to her termination, Plaintiff was an employee of Defendant.

9. Plaintiff began working as a Medical Assistant with Partners OB GYN Care P.A., on July 1, 2003, and continued to work there until the company was assumed by Defendant, Texas Children's Hospital, in November of 2010. In April of 2012, Plaintiff made a complaint

with Human Resources at Texas Children's concerning inappropriate comments that the office administrator, Keith Boggs, directed towards Plaintiff, which she found to be harassing and sexually charged.  Plaintiff also complained Keith Boggs dating relationship with and preferential treatment of Michelle Alvarado, who is Latino, and who is a medical assistant that answers phones for one of the doctors.

10. Shortly after Plaintiff made an outcry to Human Resources and Keith Boggs was made aware of the complaint, he approached her and threatened her stating, "I'm warning you, you better not discuss my business with anyone in this office." He made this threat in front of two doctors. When one of the doctors expressed concern to Plaintiff, she declined to discuss the matter because she was afraid of Keith Boggs.

11. After, his threat, Keith Boggs began to systematically harass and write Plaintiff up for minor infractions.  Plaintiff was written up by Keith Boggs at least three times for being tardy, although each time Mr. Boggs was aware that Plaintiff was at work on time and the computer was having issues booting up such that Plaintiff was unable to clock in on time.  In fact, the IP was made aware of the issues with the computer and did not fully resolve the problem.  Keith Boggs singled Plaintiff out and ultimately had her terminated on August 30, 2012 in retaliation for the complaints she made about him to Human Resources.  Plaintiff never had any performance issues prior to the complaint she made to Human Resources.  All of her reviews were good prior to the complaint

12. Further, Keith Boggs allowed employee Michelle Alvarado to leave work several hours early on a regular basis, while allowing her to stay clocked in and be paid for full-time

work (Plaintiff also alerted Human Resources of this) while penalizing Plaintiff for the alleged tardiness. This is further evidence that Keith Boggs acted in retaliation against Plaintiff.

13. Other employees of Defendant who were not Caucasian had job performance issues or issues with tardiness and were not written by Office Administrator, Keith Boggs, and they were not terminated. Defendant also showed preference to non-Caucasian employees when it came to job assignments and discipline. Plaintiff believes she was singled out and suffered disparate treatment due to her race.

14. Plaintiff complained to Human Resources about the disparate treatment she received from Keith Boggs. She became a target after doing so and was ultimately terminated.

15. The effect of Defendant's practices, complained of in paragraphs 8 through 14, above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee due to her race and retaliation for complaining about conduct that is prohibited by Title VII.

## IV.
## CAUSES OF ACTION

**A.     RACE DISCRIMINATION**

16. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 15 and incorporate the same herein as though fully set forth.

17. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful race discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

19. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers and agents as described in paragraphs 8 through 15 above.

20. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

21. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

22. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

**B.     RETALIATION**

23.     Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 15 and incorporate the same herein as though fully set forth.

24.     Plaintiff engaged in protected activity in that she opposed an unlawful practice that prohibited by Title VII.

25.     Plaintiff suffered an adverse employment action-wrongful termination.

26.     There is a causal link between Plaintiff's wrongful termination and her complaints about unlawful practices by Defendant.

27.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

28.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, and extreme and severe mental anguish and emotional distress; and Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## V.
## DAMAGES

29.     Defendant's conduct constitutes violations of statutory law.  That unlawful conduct seriously affected Plaintiff in her occupation, trade and business.  Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future

humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

30. Because of Defendant's unlawful conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent her. Plaintiff has agreed to pay the attorney's reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should same become necessary.

31. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs, and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

32. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VI.
## ATTORNEY'S FEES

33. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this

Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

## VII.
## JURY DEMAND

34. Plaintiff requests that this action be heard before a jury.

## VIII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

b. Compensatory damages for pain and mental suffering;

c. Reasonable attorney's fees, with conditional awards in the event of appeal;

d. Pre-judgment interest at the highest rate permitted by law;

e. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

f. Costs of court; and

g. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

DATED: September 10, 2013.

Respectfully submitted,

JOHNSON LAW FIRM

  /s/Nikeyla Johnson
Nikeyla Johnson
Texas State Bar No.24065505
Southern District ID No. 981963
1776 Yorktown, Suite 600
Houston, Texas 77056
(713) 622-7600 direct
(888) 819-5612 facsimile

**ATTORNEY FOR PLAINTIFF,
JANET GONZALES**

OF COUNSEL
MELVIN HOUSTON
T.B.N. 00793987
Melvin Houston & Assoc., P.C.
1776 Yorktown, Suite 600
Houston, Texas 77056
(713) 212-0600 direct
(713) 212-0290 facsimile